UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS ENRIQUE BUITRAGO,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>  Defendant. | Case No.  1:20-cv-01505-BAM<br><br>**ORDER REGARDING SOCIAL SECURITY COMPLAINT**<br><br>(Docs. 21, 26) |

**INTRODUCTION**

Plaintiff Douglas Enrique Buitrago ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2]  The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 6, 8, 10.)

1

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for disability insurance benefits on September 18, 2015. AR 161-62.[3] Plaintiff alleged that he became disabled on February 10, 2014, due to right hip replacement, left hip replacement, low back condition, and right shoulder tear that had not been repaired. AR 265. Plaintiff's application was denied initially and on reconsideration. AR 88-92, 98-102. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Lisa Lunsford held a hearing on July 1, 2019. AR 37-57. ALJ Lunsford issued an order denying benefits on July 30, 2019. AR 18-33. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 7-11. This appeal followed.

**Hearing Testimony and Medical Record**

The relevant hearing testimony and medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 21-33. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity from February 10, 2014, through April 16, 2016, the requested closed period. AR 23. The ALJ identified the following severe impairments: status post bilateral hip replacements; right rotator cuff tear and AC joint osteoarthritis; right wrist sprain; bilateral shoulder impingement syndrome; degenerative disc disease of the lumbar spine; right-sided carpal tunnel syndrome; right knee internal derangement; and obesity. AR 23-24.

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 24.

Based on a review of the entire record, the ALJ found that during the requested closed period, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following modifications: stand and walk for a combined total of two hours per workday; occasionally reach overhead with the left upper extremity; never reach overhead with the right upper extremity; frequently stoop; occasionally climb ramps and stairs; occasionally kneel, crouch and crawl; never climb ladders, ropes or scaffolds; require the use of a cane for all walking; require the ability to change positions every two hours; and occasionally use foot controls. AR 24-31.

With this RFC, the ALJ found that Plaintiff could not perform any past relevant work during the requested closed period, but there were other jobs in the national economy that Plaintiff could have performed during the requested closed period, such as cashier II, document preparer, and paramutual ticket checker. AR 31-32. The ALJ therefore concluded that Plaintiff was not disabled during the requested closed period. AR 32-33.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards,

and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[4]

Plaintiff contends that the ALJ erred by: (1) failing to properly evaluate whether Plaintiff met or equaled Listing 1.17; and (2) failing to develop the record. (Doc. 21 at 11.)

**A. The ALJ Did Not Err at Step Three**

Plaintiff primarily contends that the ALJ failed to properly consider whether Plaintiff met or equaled listing 1.17 at step three of the sequential evaluation. (Doc. 21 at 13.)

At step three, the ALJ determines whether "a claimant's impairment meets or equals an impairment listed in [20 C.F.R. part 404, subpart P, appendix 1]." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Listing of Impairments describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *Id.* (citing 20 C.F.R. § 404.1525). If a claimant meets or equals a listed impairment he or she will be found disabled at this step without further inquiry. *Id.* (citing 20 C.F.R. § 404.1520(d)).

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

A claimant bears the burden of proving that his or her impairments satisfy all the criteria of a particular listing. *Id.* "For a claimant to show that his [or her] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). If a claimant's impairment or combination of impairments meets or exceeds a "listing," no specific finding is necessary as to the claimant's ability to perform his or her past relevant work or any other jobs. 20 C.F.R. § 404.1520(d).

As a preliminary matter, Plaintiff contends that he met listing 1.17. (Doc. 21 at 13.) There is no listing 1.17. 20 C.F.R. Pt. 404, Subpt. P, Appx. 1 § 1.00 (Musculoskeletal System) (2019). Although the Commissioner identified Plaintiff's error in citing to listing 1.17, (*s*ee Doc. 26 at 4), Plaintiff did not address this error in his reply (*See generally* Doc. 27.), apparently conceding the issue. As a result, the ALJ could not have erred by failing to find that Plaintiff met listing 1.17.

Insofar as Plaintiff intends to invoke listing 1.03 (*Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint)*, that listing requires proof of "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." *Id.* at § 1.03. The "inability to ambulate effectively" means:

> an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

*Id.* at § 1.00(B)(2)(b).

Here, the ALJ determined that the "evidence does not establish that the claimant's impairments, individually or in combination, meet or equal in severity any listed impairment(s). A more detailed discussion of the evidence is embodied in the residual functional capacity analysis in Finding 5." AR 24. To the extent Plaintiff complains that the ALJ erred by dismissing the listing issue in a singular two-line paragraph, (Doc. 21 at 15), the ALJ was not required to explain why Plaintiff failed to satisfy the Listing of Impairments.

In *Gonzalez v. Sullivan*, 914 F.2d 1197 (9th Cir. 1990), the Ninth Circuit considered the question of whether the ALJ erred by failing to state what evidence supported the conclusion that the claimant's impairments did not meet or exceed the Listing of Impairments. 914 F.2d 1200. In considering this question, the Ninth Circuit held that "[i]t is unnecessary to require the [Commissioner], as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments." *Id*. at 1201. Instead, the Ninth Circuit found that the ALJ's four-page evaluation of the evidence was an adequate statement of the foundations on which the ultimate factual conclusions were based and upheld the step three finding. *Id.* Here, as in *Gonzalez*, the ALJ's six-page examination of the evidence is sufficient to support the step three finding.

Plaintiff also attempts to present evidence demonstrating that he meets the criteria of listing 1.03. In particular, Plaintiff asserts that he required a walker, demonstrating his inability to ambulate effectively without the use of a hand-held assistive device that limited the functioning of both his upper extremities, for the period from at least March 25, 2014, through some time after September 2015. (Doc. 21 at 14-15.) Plaintiff later revises this estimate to argue that, based on the ALJ's summary of evidence, Plaintiff "was still of listing level severity being unable to ambulate between, at the very latest December 2014 to March 2016." (Doc. 27 at 3.)

Having considered the medical record and the ALJ's decision, the Court finds that Plaintiff has failed to satisfy his burden to meet the specified medical criteria. *Sullivan*, 493 U.S. at 530. Specifically, Plaintiff fails to forward sufficient evidence demonstrating an inability to ambulate effectively without the use of a hand-held assistive device that limited the functioning of both upper extremities for a 12-month period. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 1.03, 1.00(B)(2)(b). According to the medical record, and as noted by the ALJ, Plaintiff was provided with a cane in March 2014. AR 26, 396, 398, 400-01. Thereafter, Plaintiff reported only "intermittently utilizing single-point cane for ambulation." AR 391-92, 524. Following his right hip joint replacement on December 3, 2014, Plaintiff began ambulating with a front-wheel walker. AR 27, 518-19. He continued to ambulate with a walker in early January 2015, but he was transitioned to a four-point cane later that month on January 23, 2015. AR 27, 831, 931 [pronged cane]. Although the medical records reflect that Plaintiff was noted to walk with a walker in February 2015, subsequent treatment records made no

6

such mention of a walker, albeit with some notations of an antalgic gait.  AR 835, 929-30 [January 23, 2015, gait analysis: normal pattern], 927-28 [March 6, 2015], 838-41 [April 7, 2015], 924-26 [April 17, 2015, gait analysis: normal pattern], 918-19 [May 5, 2015, walks with an antalgic gait], 920-23 [May 5, 2015, revised May 11, 2015, has slight limp, walks with antalgic gait], 842-45 [May 19, 2015], 916-17 [May 29, 2015, walks with antalgic gait], 912-15 [June 3, 2015, antalgic gait], 846-49 [June 30, 2015], 907-11 [July 17, 2015, antalgic gait], 850-53 [August 17, 2015, prescribed lumbar spine support], 854, 903-06 [August 26, 2015, antalgic gait].  On September 2, 2015, Plaintiff underwent left total hip replacement, and he was ambulating with a walker upon discharge.  AR 27, 582.  However, by December 3, 2015, Plaintiff was "able to ambulate without significant limitations and [had] returned to his activities of daily living with no limitations."  AR 888.  His gait analysis revealed a normal pattern.  AR 889.

At best, the record reflects that Plaintiff utilized a walker for intermittent periods following his hip replacement surgeries.  The record does not reflect that Plaintiff required the use of a walker for a 12-month period.  Therefore, the record does not support Plaintiff's argument that he met listing 1.03.

**B.  The ALJ Did Not Err by Failing to Further Develop the Record**

Plaintiff also argues that the ALJ failed to develop the record regarding the period prior to March 2016.  To support this contention, Plaintiff argues that the only relevant medical opinion for the period before March 2016 is from the non-examining state agency physician, Dr A. Khong, which Plaintiff contends is "internally conflicted."  (Doc. 21 at 18.)

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered[.]" *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). The ALJ's duty to "conduct an appropriate inquiry" is triggered only where evidence is ambiguous or the record is inadequate to allow for proper evaluation of the evidence. *Id.*; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  Plaintiff does not demonstrate that the record was ambiguous or inadequate to allow for proper evaluation.  The ALJ summarized the available medical records for the closed period, which demonstrated that Plaintiff did not require a walker or that he was unable to ambulate effectively for a 12-month period.  Contrary to Plaintiff's suggestion that the ALJ did not address the multiple citations of walkers throughout the record, the

ALJ acknowledged treatment records specifically identifying periods in which Plaintiff utilized a walker following hip replacement surgeries. *See* AR 27. The ALJ ultimately determined that Plaintiff needed to use a cane as prescribed by his physician. AR 29 (citing Administrative Exhibits 2F, 3F, 5F, 6F, 7F). Additionally, at the hearing, the ALJ asked Plaintiff's attorney if there were any outstanding records, and he responded that there were none. AR 43. Under these circumstances, the Court finds that the ALJ was not obligated to further develop the record as Plaintiff suggests.

Plaintiff's contends the further development is necessary because the opinion of the state agency physician, Dr. Khong, is "conflicted," indicating that Dr. Khong opined that Plaintiff was limited to sedentary work from the date of onset and "that once the claimant rehabs following the L hip procedure, he will be able to sustain light work before 9/4/16," but subsequently opined that Plaintiff would have the ability to perform light work as of "9/05/2015-9/04/2016." (Doc. 21 at 16.)

Plaintiff's assertion that Dr. Khong's opinion is internally conflicted is not wholly persuasive. Dr. Khong provided separate assessments for the period from February 10, 2014, through September 4, 2015, and for the period from September 5, 2015, through September 4, 2016. AR 64-55, 66-68. In completing the medical consultant review on December 14, 2015, Dr. Khong explained, in relevant part, as follows:

> Given the symptomatic bilateral hip impairments, the RFC would have been limited to sedentary as of the AOD [alleged onset date]. May get up to change positions every 2 hrs as needed. L/C is limited to 20/10 so as not to increase stress on the hips. The mild spondylosis in the L/S would not further erode this RFC. Limit LE controls to occasional. This RFC would apply as of the AOD of 2/10/14 until 9/5/15 (L THA date). It is projected that once the claimant rehabs following the L hip procedure, he will be able to sustain light work before 9/4/16.

AR 63. Thereafter, for the period from the alleged onset date of 2/10/2014 through 9/4/2015, Dr. Khong assessed an RFC that limited Plaintiff to lifting and carrying of 20 pounds occasionally and 10 pounds frequently, standing and/or walking about 2 hours and sitting about 6 hours in an 8-hour workday, pushing and/or pulling limited in both lower extremities to occasional. AR 64-65. Dr. Khong also noted that Plaintiff may need to get up to change positions every 2 hours as needed. AR 65.

8

The purported inconsistency appears to relate to Dr. Khong's statement that Plaintiff was limited to "sedentary" and the RFC assessment identifying Plaintiff's ability to occasionally lift 20 pounds. An ability to lift and/or carry 20 pounds occasionally is not wholly compatible with sedentary work involving "lifting no more than 10 pounds at a time." 20 C.F.R. § 404.1567(a). Rather, it is compatible with light work, which involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 20 pounds." 20 C.F.R. § 404.1567(b).

However, a review of Dr. Khong's narrative indicates that the sedentary limitation correlated with Plaintiff's bilateral hip impairments and his standing/walking/sitting limitations, not his ability to lift and/or carry. The standing/walking/sitting limitations assessed by Dr. Khong are not inconsistent with light work, which may involve sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Moreover, the VE confirmed that someone with an RFC as identified by Dr. Khong could perform some work classified as light, such as certain cashier II positions. AR 53-54.

As for the period of time following left hip replacement, Plaintiff contends that contrary to Dr. Khong's opinion, he could not perform the full range of light work as of three days after his left hip replacement. However, Dr. Khong expressly accounted for Plaintiff's left hip replacement on September 5, 2015, and opined that once Plaintiff completed rehabilitation following the replacement surgery, Plaintiff would be able to sustain light work before September 4, 2016. *Id.* In other words, Dr. Khong considered whether Plaintiff was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment for a continuous period of twelve months both before and after Plaintiff's left hip replacement. Additionally, Dr. Khong considered whether Plaintiff met listing 1.03 (and 1.04) during the relevant periods before and after left hip replacement. AR 64, 79.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.

The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Douglas Enrique Buitrago.

IT IS SO ORDERED.

Dated:     **September 2, 2022**              /s/ *Barbara A. McAuliffe*            
                                              UNITED STATES MAGISTRATE JUDGE